# Broce *v.* Seaboard Construction Company, Appellant.

*Negligence—Master and servant—Instruction.*

1. In an action by an employee against his employer to recover damages for injuries caused by a sliver of steel striking plaintiff's eye, a judgment on a verdict for plaintiff will be sustained, where the evidence tends to show that plaintiff was set to work in cutting off heads of iron rivets by defendant's superintendent, that the latter knew that the plaintiff was inexperienced in this kind of work, and gave him no instructions or warning, that at the time of the accident he was holding a chisel-bar on which another in-

experienced and uninstructed workman was striking with an eight-pound hammer, and that, owing to the fact that plaintiff did not hold the chisel-bar in a particular way because of his lack of instruction, a sliver of steel formed and flew off and injured him.

2. In such a case it is proper to admit evidence to prove the correct way of cutting off rivet heads, and the necessity for either knowledge or instruction on that subject.

*Appeals—Assignments of error—Exceptions.*

3. An assignment of error which attempts to raise a question as to the admission of testimony, will not be considered, if it shows that no exception was taken, which raised the point sought to be brought up for consideration.

Argued Oct. 16, 1918. Appeal, No. 38, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 283, on verdict for plaintiff in case of Calvin Broce v. Seaboard Construction Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, J.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Errors assigned* were (1-3) rulings on evidence as stated in the opinion of the Supreme Court; (4) refusal of binding instructions for defendant; and (5) refusal of defendant's motion for judgment n. o. v.

*Stephen Stone,* of *Stone, Wright & Chalfant,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

In August, 1913, Calvin Broce entered the service of defendant company as a carpenter and pursued that character of employment until October, 1914, when he

was placed by the latter's superintendent at cutting heads off iron rivets. Broce, to the superintendent's knowledge, was not experienced in rivet-cutting, or in any other kind of iron work, and received neither instruction with reference thereto nor warnings of danger; at the time of the accident, October 2, 1914, he was holding a chisel-bar, on which another inexperienced and uninstructed fellow-workman was striking with an eight-pound hammer; this caused a "sliver" of steel to form, which flew up and seriously injured plaintiff's left eye, severing it almost in half; he sued for damages, alleging that defendant was negligent in placing him at work without either proper instruction or warning that "a sliver, or piece of rivet, would form......that was likely to injure him, unless the chisel-bar was held in a particular way, which fact plaintiff knew nothing about." Judgment was entered on a verdict for plaintiff, and defendant has appealed.

At trial, it was shown there is a correct, customary and reasonably safe way of manipulating the cutter, to prevent the flying of slivers, and that, if such implement were used as plaintiff was using it, a sliver is almost sure to form, and likely to fly; furthermore, that, if the cutter were improperly held, an inexperienced man, assuming he might see a sliver forming, would not know it was apt to fly and do him harm; and, finally, that, in the character of work upon which plaintiff was employed, either experience or instruction is essential to safety.

The first assignment attempts to raise a question as to the admission of certain testimony concerning plaintiff's earning capacity; but, since it shows no exception which raises the point sought to be brought up for consideration, we shall not determine it. We may state for the satisfaction of counsel, however, that this specification of error does not impress us as possessing merit.

The next two assignments complain of testimony admitted to prove the correct way of cutting off rivet heads

and the necessity for either knowledge or instruction on that subject; while the last two criticise the court below because it did not either direct a verdict for defendant or subsequently enter judgment n. o. v. As to these complaints, it is sufficient to say the testimony in question was relevant, and, since, on plaintiff's allegations of negligence, the matters to which it refers were proper tests of defendant's liability, the evidence could not justifiably have been refused, nor could judgment for defendant have been entered thereon. No reversible error appears.

The judgment is affirmed.